UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOUSTON CASUALTY COMPANY,<br><br>             Plaintiff(s),<br>    v.<br><br>INSPIRIT ATHLETICS INC., et al.,<br><br>             Defendant(s). | CASE NO. C23-5107-KKE<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT |

## I.   BACKGROUND

Plaintiff Houston Casualty Company ("Houston") filed this declaratory judgment action to resolve questions of coverage available to Defendants for the claims asserted against them in three lawsuits filed in Pierce County Superior Court (the "Underlying Lawsuits"). Dkt. No. 48. Houston issued insurance policies[1] ("Policy") to Defendant Inspirit Athletics (d/b/a Sterling Athletics ("Sterling")) and agreed to defend it and its CEO Defendant Jacob Jackson in the Underlying Lawsuits, subject to a reservation of rights. *Id*. ¶¶ 3.42, 3.43.

In addition to serving as Sterling's CEO, Jackson was a high school basketball coach who recruited his student athletes to work at Sterling and then allegedly abused his student-employees. *See, e.g.*, Dkt. No. 57-1 ¶¶ 3.3, 3.11–3.24. Jackson was found guilty on multiple counts of first-

---

[1] Houston issued multiple policies to Sterling that were effective 2018–23. *See* Dkt. No. 57-8, 57-9, 57-10, 57-11, 57-12. Because the policies contain the same wording as relevant to this case, this Order refers to the policies as a singular Policy for ease of reference, using language from the earliest policy as an exemplar.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

degree rape of a child, third-degree rape of a child, third-degree child molestation, first-degree sexual misconduct with a minor, communication with a minor for an immoral purpose, indecent exposure, second-degree kidnapping, and sexual exploitation of a minor.  Dkt. No. 56 at 6.  A subset of Jackson's victims and their parents filed the Underlying Lawsuits against Jackson and Sterling, bringing claims for sexual exploitation of children, outrage, sexual assault, negligence, employment discrimination, and workplace harassment.  *See* Dkt. Nos. 57-1, 57-2, 57-3.  The Underlying Complaints do not allege that Jackson touched the victims: they allege that Jackson showed the victims pictures of his penis and requested they send him such photos of themselves, that Jackson exposed his penis to the victims, and that Jackson masturbated in front of them.  Dkt. No. 57-1 ¶¶ 3.13–3.23; Dkt. No. 57-2 ¶¶ 3.7–3.23; Dkt. No. 57-3 ¶¶ 3.9–3.12.

In this lawsuit, Houston seeks a declaration that it has no duty to defend or indemnify Sterling and/or Jackson in the Underlying Lawsuits.  Dkt. No. 48 ¶¶ 5.1–5.3.  It filed a motion for summary judgment requesting that the Court declare that Houston owes no such duties for three reasons.  Dkt. No. 56.  Sterling opposes the motion in part, and Jackson joined that opposition.  Dkt. Nos. 58, 60.  The motion is now fully briefed, and the Court heard from the parties at oral argument.  Dkt. No. 64.  Because the Court agrees with Houston that Policy coverage is not triggered by the allegations in the Underlying Lawsuits, the Court will grant the motion.

## II.    ANALYSIS

Houston argues that because coverage has not been triggered, or because coverage is barred under an exclusion, Houston is not obligated to either defend or indemnify Sterling or Jackson.  Dkt. No. 56.  The Court will first set forth the applicable legal standards, and then consider Houston's arguments in light of those standards.

**A.      Legal Standards**

Summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court does not make credibility determinations or weigh the evidence at this stage.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  The sole inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251–52.

The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact.  *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

In Washington, insurance policies are "construed as contracts, and interpretation is a matter of law."  *State Farm Gen. Ins. Co. v. Emerson*, 687 P.2d 1139, 1142 (Wash. 1984).  If a policy's language "is clear and unambiguous, [courts] must enforce it as written; [they] may not modify it or create ambiguity where none exists."  *Quadrant Corp. v. Am. States Ins. Co.*, 110 P.3d 733, 737 (Wash. 2005).

"An insurer's duty to defend its insured arises where any allegation in the complaint, if proved true, would render the insurer liable under the policy."  *Safeco Ins. Co. of Am. v. McGrath*, 708 P.2d 657, 659 (Wash. Ct. App. 1985) (citing *Emerson*, 687 P.2d at 1145).  This duty is broader than an insurer's duty to indemnify its insured, which "arises only where the injured party ultimately prevails on facts which fall within the policy coverage."  *Id*.

> Determining whether coverage exists under a [comprehensive general liability] policy is a two-step process.  The burden first falls on the insured to show its loss is within the scope of the policy's insured losses.  If such a showing has been made,

the insurer can nevertheless avoid liability by showing the loss is excluded by specific policy language.

*Overton v. Consol. Ins. Co.*, 38 P.3d 322, 329 (Wash. 2002) (citing *McDonald v. State Farm Fire & Cas. Co.*, 837 P.2d 1000, 1003–04 (Wash. 1992)).  In Washington, an endorsement supersedes the terms of the original policy and becomes part of the original insurance contract.  *Kut Suen Lui v. Essex Ins. Co.*, 375 P.3d 596, 600 (Wash. 2016) ("An endorsement becomes a part of the insurance contract even if the result is a new and different contract." (quoting *Transcon. Ins. Co. v. Wash. Pub. Utils. Dists.' Util. Sys.*, 760 P.2d 337, 343 (Wash. 1988))).

**B.      Coverage Is Not Triggered because the Underlying Lawsuits Do Not Allege "Personal or Advertising Injury" or "Bodily Injury."**

In the Policy, Houston agrees to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury'" or "'personal advertising injury' to which this insurance applies."  Dkt. No. 57-8 at 15, 20.  The Policy requires that "bodily injury" or "personal advertising injury" must have been caused by an "occurrence" in order to be covered, and an "occurrence" is defined to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  *Id.* at 15, 28.

The Policy defines "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including the death of the person.  'Bodily injury' also means mental anguish, mental injury, or shock, if directly resulting from physical injury, sickness, or disease to that person."  Dkt. No. 57-8 at 56.  "Personal and advertising injury" is defined to mean, in relevant part:

> injury, including consequential 'bodily injury', arising out of one or more of the following offenses:
>
> a. False arrest, detention or imprisonment;
> b. Malicious prosecution;
> c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor[.]

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4

    …
    h.  discrimination or humiliation that results in injury to the feelings or reputation of a natural person, but only if such discrimination or humiliation is:
        (1)  not done intentionally or at the direction of[:]
            (a)  an insured;
            (b)  any "executive officer," director, stockholder, partner or member of the insured; and
        (2)  not directly or indirectly related to the employment, prospective employment, or termination of employment of any person or persons by any insured.

Dkt. No. 57-8 at 28, 56.  Houston argues that because the Underlying Complaints do not allege that the Underlying Plaintiffs suffered an "occurrence" of either "bodily injury" or "personal and advertising injury," as defined in the Policy, coverage under the Policy is not triggered.  Dkt. No. 56 at 24–26.

Specifically, Houston emphasizes that the Underlying Complaints do not bring claims for inappropriate physical touching, and "Washington courts have long held that mental anguish, mental illness and emotional distress are not covered under the definition of 'bodily injury' in a commercial general liability policy."  Dkt. No. 56 at 24 (citing *E-Z Loader Boat Trailers v. Travelers Indem. Co.*, 726 P.2d 439, 443 (Wash. 1986)).  Houston acknowledges that the definition of "bodily injury" referenced in *E-Z Loader* is narrower than the definition used in the Policy, but argues nonetheless that the Policy requires any mental damages to be caused by physical injury (which is not alleged in the Underlying Complaints).  *Id*.  Moreover, to the extent that the Underlying Complaints could be read to allege "personal or advertising injury" in the form of humiliation,[2] Houston notes that the Policy excludes humiliation resulting from intentional acts,

---

[2] Coverage for "personal and advertising injury" could also be triggered by a claim for false imprisonment, which was alleged against Jackson in two of the three Underlying Complaints, but again, there is no allegation in any Underlying Complaint that the false imprisonment resulted in bodily injury.  Moreover, as noted in Houston's reply brief, Sterling does not oppose Houston's motion seeking a declaration that no coverage exists for the false imprisonment claim. Dkt. No. 61 at 1–2.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5

as alleged in the Underlying Complaints.  *See* Dkt. No. 57-1 ¶ 3.24, Dkt. No. 57-2 ¶ 3.26, Dkt. No. 57-3 ¶ 3.13.

In opposition, Sterling argues that because—as evidenced by Jackson's criminal convictions—Jackson indeed caused bodily injury or personal injury (as defined in the Policy) to the Underlying Plaintiffs, even if their civil complaints did not so allege.  Without citation to authority, Sterling argues that because "Jackson's criminal convictions are based on the same facts supporting the Underlying Complaints," Houston must look beyond the complaints to Jackson's criminal trial to determine whether its duty to defend is triggered.  Dkt. No. 58 at 5.

This argument is not consistent with Washington law, which requires that insurers have a duty to defend "when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage."  *Woo v. Fireman's Fund Ins. Co.*, 164 P.3d 454, 459 (Wash. 2007).  Coverage is determined based on "the type of offense that is alleged against the insured, not the nature of the injury sustained." *Newmont U.S.A. Ltd. & Dawn Mining Co. v. Am. Home Assur. Co.*, 787 F. Supp. 2d 1208, 1211 (E.D. Wash. 2011) (citing *Kitsap County v. Allstate Ins. Co.*, 964 P.2d 1173, 1180 (Wash. 1998)).  Sterling cites no authority requiring an insurer to look beyond an underlying complaint to the type of offense that *perhaps* could have been but was not alleged, and the Court is not aware of any such authority. As emphasized by Houston at oral argument, the plaintiffs in the Underlying Lawsuits are only a subset of those allegedly abused by Jackson, and the fact that Jackson was convicted of causing bodily injury to some victims does not imply bodily injury to the Underlying Plaintiffs.

Because Houston has shown that, as a matter of law, coverage under the Policy is not triggered by the Underlying Complaints, the Court need not proceed to consider Houston's alternative arguments that Policy exclusions would bar coverage.  The Court will grant Houston's motion because, consistent with the Policy language, Houston owes Sterling neither a duty to

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 6

defend nor indemnify with respect to the Underlying Lawsuits. *See, e.g.*, *West Am. Ins. Co. v. Del Ray Props. Inc.*, 671 F. Supp. 3d 1194, 1203 (W.D. Wash. 2023) (explaining that because insurers had no duty to defend, they have no duty to indemnify, because the duty to indemnify is narrower than the duty to defend).

### III.    CONCLUSION

For these reasons, the Court GRANTS Plaintiff's motion and will enter judgment for Plaintiff.

Dated this 26th day of February, 2026.

Kymberly K. Evanson
United States District Judge